IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOYCE LITTLE,

    Plaintiff,

vs.                                Case No. 4:07cv390-MP/WCS

THE DEPARTMENT OF HEALTH,
DIRECTOR, MEDICAL QUALITY
ASSURANCE,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed a notice of removal, doc. 1, on September 10, 2007. Plaintiff states in her notice that she filed a small claims action in state court in July, 2007. Doc. 1, p. 1. When her motion for an expedited hearing was denied, she dismissed her case on August 10, 2007, and on the same day, filed a civil case in the Circuit Court for the Second Judicial Circuit in and for Leon County, Florida. *Id.*, at 1-2. Plaintiff acknowledges that the case is still pending in that court and that she served the Florida Attorney General "with notice of the case." *Id.*, at 2. Once again, Plaintiff requested an expedited hearing which was denied by Chief Judge Charles A. Francis. *Id.*

Plaintiff filed her notice of removal on September 10, 2007. Doc. 1. Plaintiff contends she is a citizen of England, that the "matter in controversy exceeds the statutory amount in controversy Requirement." *Id.*, at 2. However, Plaintiff fails to state the amount of damages she seeks and the only reference to any amount is Plaintiff's statement that she sought damages in small claims court of $500.00. Defendant is a state agency with its principal office in Tallahassee, Florida. *Id.* Plaintiff alleges she "is denied the use of her health insurances for medical, dental, and Pharmaceutical care in Tallahassee, Florida where the Plaintiff now visits." *Id.*

It is clear from Plaintiff's statement of facts that the case she is attempting to remove to federal court is the same case she initiated in state court. The referenced case is number 2007 CA 2149, filed in the Second Judicial Circuit of the State of Florida. Plaintiff Joyce Little is the Plaintiff in the state court case which is currently pending in state court and the Defendant, the Florida Department of Health, is the same Defendant in both suits. Doc. 1, p. 5.

Because Plaintiff was not a defendant in the state court case, removal is improper. The statute governing removal, 28 U.S.C. § 1441, provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a) (emphasis added). By clear and unambiguous language, a *defendant* is permitted to remove an action to federal court. "No right exists in favor of a person who, as plaintiff, has filed an action in the state court, to cause the removal of

such action to a federal court." In re Walker, 375 F.2d 678, 687 (9th Cir. 1967). Such a rule is well established. *See, e.g.,* Chicago, Rock Island & Pacific Railroad v. Stude, 346 U.S. 574, 580, 74 S.Ct. 290, 295, 98 L.Ed. 317 (1954)*;* Coastal Air Service, Inc. v. Tarco Aviation Service, Inc., 301 F.Supp. 586, 588 (S.D. Ga. 1969); Union Const. Co. v. Dillingham Corp., 334 F.Supp. 502, 503 (S.D. Tex. 1971); Geiger v. Arctco Enterprises, Inc., 910 F.Supp. 130, 131 (S.D. N.Y. 1996). Plaintiff had the choice initially of whether to file her case in federal or state court. Having decided to file her case in state court, *see* doc. 1, she cannot now switch to the federal forum because she is dissatisfied with the speed of justice in state court.

Because this case is not removable under § 1441(a), Plaintiff must return to state court if she intends to proceed with her litigation. This case must be remanded back to the Second Judicial Circuit.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's notice of removal, doc. 1, be **DENIED**, all other pending motions be **DENIED**,[1] and this case be **REMANDED** back to the Second Judicial Circuit of the State of Florida, in and for Leon County, Florida.

**IN CHAMBERS** at Tallahassee, Florida, on September 20, 2007.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff filed a motion to reassign this case. Doc. 5. Plaintiff may not challenge the fact that in federal court, a magistrate judge may initially review a case. Plaintiff also filed a motion to expedite, doc. 6, but presents no facts demonstrating an emergency.

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**